UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Javan Moore, | ) C/A No. 4:13-2139-RMG-TER |
|---|---|
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Sheriff Chuck Wright, | ) |
| Defendant. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Javan Moore ("Plaintiff") is an inmate in the South Carolina Department of Corrections prison system. In the Complaint submitted in this case, Plaintiff alleges virtually identical facts as he alleged in another currently pending case: *Moore v. Blackwell*, Civil Action No. 4:12-756-RMG-TER. That case is currently at the Motion for Summary Judgment stage and is pending against three Defendants, including the Defendant in this case.

In both cases, Plaintiff alleges that he was subjected to cruel and unusual punishment/indifferent treatment while a detainee at Spartanburg County Detention Center. He alleges that pre-existing leg/back/neck/head problems were exacerbated and not properly treated, and he alleges that an eye injury he received at the detention center was not properly treated, resulting

in blindness in one of his eyes.

The only Defendant named in the Complaint under review is the Sheriff of Spartanburg County, who also supervises the detention center. He is also a Defendant in the already pending case. There are no allegations in Complaint under review against Sheriff Wright, personally, nor are there allegations showing that he had personal knowledge of any of the problems Plaintiff alleges, but failed to address them.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.

1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Following close review of the allegations contained in the Complaint filed in this case, it is determined that this case is substantially duplicative of currently pending Civil Action No. 4:12-756-RMG-TER. The only real difference between the two cases is the inclusion of two additional Defendants in the already pending case. Sheriff Wright is a Defendant in both cases. The Court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Plaintiff is currently obligated to respond to the already issued Court Order requiring him to respond to Defendants' Motion for Summary Judgment in Civil Action No. 4:12-756-RMG-TER. Assuming that he does so, he will have a full opportunity to litigate his claims within the appropriate confines of applicable Court procedures in that already pending case. This Court will not allow him to begin another, virtually identical case against one of the same Defendants while he already has one pending. Accordingly, the Complaint filed in this case is frivolous and subject to summary dismissal.

Furthermore, even if the Complaint under review was not sufficiently duplicative of Civil Action No. 4:12-756-RMG-TER, both factually and legally, to require its dismissal for frivolity, it would still be subject to summary dismissal for failure to state a plausible claim against the sole

3

Defendant. This is true because the absence of allegations showing personal involvement and knowledge on the part of Sheriff Wright indicates that Plaintiff is trying to hold him liable for alleged constitutional violations by others simply because he is the overall supervisor of the detention center. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 Plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Sheriff Wright may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit Court of Appeals concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference"

4

under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373).

The *Slaken* exception is not adequately pleaded in this case because there are no allegations of any personal knowledge (or even subjective knowledge) on Sheriff Wright's part of the problems that Plaintiff alleges he had with the staff at Spartanburg County Detention Center. Thus, regardless of how pervasive the alleged problems at Spartanburg might have been, Wright cannot be found liable for them simply based on his job as the overall "supervisor" at the detention center. Moreover, there are no allegations from which any potential responsibility of Wright for an unconstitutional center policy or custom could be established. The lack of any allegations establishing a plausible § 1983 claim against Defendant Wright requires that the Complaint be summarily dismissed even if not duplicative of the Complaint in the already pending case against Wright and two other Spartanburg County employees.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
October 1, 2013

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).