IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Javon Moore ) | |
| ) | Civil Action No: 4:13-cv-2139-RMG |
| Plaintiff ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| Sherriff Chuck Wright ) | |
| ) | |
| Defendant ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss the Plaintiff's complaint without prejudice. (Dkt. No. 25). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Javon Moore ("Plaintiff"), proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his arrest and detention by the South Carolina Department of Corrections at the Spartanburg County Detention Center. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to a Magistrate Judge for pretrial proceedings. The Magistrate Judge recommends that this case be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e); 1915A. (Dkt. No. 25.) Plaintiff has not filed objections to the Magistrate Judge's R&R.

Plaintiff alleges in his complaint substantially identical facts as he alleged in another case pending before this Court: *Moore v. Blackwell*, Civil Action No: 4:12-cv-756-RMG-TER. Plaintiff filed that case against three Defendants, including the Defendant in this case. In both

1

cases, Plaintiff alleges that he was subjected to cruel and unusual punishment/indifferent treatment while a detainee at Spartanburg County Detention. Specifically Plaintiff claims that he suffered injuries to his leg, neck and back during the course of the arrest and subsequently reinjured his leg, neck and back as a result of falling down the stairs at the detention center after being refused placement in a cell downstairs.

Plaintiff also alleges a third incident that an inmate suffering from bipolar schizophrenia was inappropriately placed in his cell which resulted in Plaintiff receiving injuries to his right eye when the inmate pushed him into the cell door. Plaintiff was taken to the hospital to receive stitches and alleges that he received no further medical treatment while at the detention center. This claim is also addressed in the prior pending action. Plaintiff made reference to the same incident and attached the applicable medical records to his Amended Complaint in the first action. (*See* Case No. 4:12-cv-756, Dkt. No. 35, 35-1.) Defendants have addressed it in their pending motion for summary judgment. (*See* Case No. 4:12-cv-756, Dkt. No. 74-1 at 3.)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need not give any explanation for adopting the R&R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## Discussion

The Court agrees with the Magistrate Judge that Plaintiff has alleged the same facts in this case that he also alleged in the prior pending case before this Court. The Court finds that this case is duplicative of the current pending Civil Action No: 4:12-cv-756-RMG, the only difference being that the Defendant in this case is the sole Defendant and not joined by the two additional defendants in the first action. The Court cannot entertain two separate yet identical lawsuits filed by the same individual against the same party. *See Aloe Crème Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Plaintiff is able to litigate all of the claims presented here in the already pending action and is currently obligated to respond to the Court's Order directing him to respond to Defendants' Motion for Summary Judgment in the pending action. Therefore, this action against the Defendant must be dismissed.

3

## Conclusion

For the reasons given, the Court ADOPTS the Magistrates Judge's R&R in full.

Accordingly, Plaintiff's claims are DISMISSED without prejudice.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

October 24, 2013
Charleston, South Carolina